No. 29,710.

The A. H. Hill Lumber & Investment Company, *Appellee*, v. M. W. Carpenter, Albert Davis and Wood Morgan, as Township Trustees, etc., *Appellants*.

(295 Pac. 721.)

Opinion filed February 7, 1931.

*Clyde M. Hudson,* of Wichita, for the appellants.
*William Keith,* of Wichita, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a lumber company to recover from the trustees of Ohio township in Sedgwick county for material furnished for the construction of a township culvert. Plaintiff recovered, and defendants appeal.

The township board let a contract for the construction of some culverts in Peck, to Harry Wharton. The lumber company had a place of business in Peck, and Wharton procured his material of the lumber company. Wharton had two men working for him. Several culverts were constructed within a short distance of each other, and the township board had men working for it. The clerk of the board superintended the work, and there was nothing in the appearance of things to distinguish Wharton's work from that done by the board. The lumber company's manager could see the work as it progressed from his office. He knew the material was furnished for and used in culvert construction, and the board knew Wharton was getting his material of the lumber company. The manager had no conversation with the clerk of the board about the work, no member of the board informed the manager that Wharton had contracted for construction of the culverts, and the manager did not know Wharton was getting the material for himself. Wharton was in the habit of

doing work for the board, and on numerous previous occasions he came to the lumber company and procured material for the board. The board always paid for such material, and the material sued for was sold under the same conditions.

The jury returned the following findings:

"3. (a) Did defendants notify plaintiff that Wharton had contracted the work before or while the materials were being furnished? A. No.

"(b) Did Wharton notify plaintiff that he had contracted to do the work in question? A. No.

"(c) Did plaintiff, prior to furnishing all the materials in question, have any notice that Wharton bore a different relation to defendants than he had on previous occasions when plaintiff had furnished him materials for township work and for which defendants paid plaintiff? A. No."

The instructions to the jury are not abstracted. Presumably the instructions correctly covered the subject of apparent authority on the part of Wharton to procure the material for the board. On that theory of the case the special findings and the general verdict were well sustained by evidence.

The judgment of the district court is affirmed.